**Maryia Vladimirovna SIMONCHYK,
Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 04–5636–ag.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2007.

Alexander J. Segal, Law Offices of Grinberg & Segal, P.L.L.C., New York, NY, for Petitioner.

Jim Letten, United States Attorney, Eastern District of Louisiana, Jason M. Bigelow, Diane Hollenshead Copes, Assistant United States Attorneys, New Orleans, LA, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Maryia V. Simonchyk, a native and citizen of Belarus, seeks review of a September 28, 2004 order of the BIA affirming the July 21, 2003 decision of Immigration Judge ("IJ") Joseph A. Russelburg denying Simonchyk's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simonchyk,* No. A 79 326 070 (B.I.A. Sept. 28, 2004), *aff'g* No. A 79 326 070 (Immig. Ct. N.Y. City July 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opin-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

ion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Simonchyk concedes before this Court that none of her past experiences amounted to persecution. As such, we need not review the IJ's decision to that effect and consider only whether substantial evidence supports the IJ's finding that Simonchyk did not establish a well-founded fear of future persecution. *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. Our review of the record leads us to conclude that it does.

The IJ properly found that Simonchyk's alleged fear was not objectively reasonable where it was not based on any specific threats against her or any other person similarly situated to her. *See* 8 C.F.R. § 1208.13(b)(iii)(2)(i); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above "mere harassment"). Simonchyk testified only that the way people treated her in the past—including losing non-Mormon friends, being fired from jobs, and being treated rudely—made her believe that she might be harmed in the future. Although she also testified that police interrupted a meeting of her congregation and detained members of her church for several hours, Simonchyk testified that the police arrested no one because there was "nothing illegal happening." Nor did she indicate that members of her congregation were otherwise harmed or threatened with harm.

The IJ also reasonably found that Simonchyk's return to Belarus after her first trip to the United States undermined her claim that she feared persecution. Indeed, it appears that much of the mistreatment Simonchyk describes occurred before her first trip to this country. Additionally, the IJ did not err in relying on the fact that Simonchyk's congregation apparently continues to operate without its members being persecuted as further support for the denial of her claim. *Cf. Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

Moreover, the IJ appropriately found that the country conditions evidence in the record, including United States Department of State reports, did not establish that Mormons are persecuted in Belarus. The evidence indicates that although the government impedes the practice of minority religions by, inter alia, denying permission to obtain facilities or distribute literature, it does not persecute members of non-traditional churches. While the record describes some incidents in which such individuals were detained for several hours, viewed as a whole, the evidence speaks to a pattern of harassment against minority religious groups. However, such harassment does not rise to the level of persecution. *See Ivanishvili,* 433 F.3d at 341. Because nothing in the record com-

pels us to conclude, contrary to the IJ, that Simonchyk's fear of persecution if returned to Belarus is objectively reasonable, the IJ properly denied asylum. *See* 8 C.F.R. § 1208.13(b).

Simonchyk urges this Court to take judicial notice of United States Department of State reports issued since the date of her hearing, asserting that such evidence demonstrates that conditions in Belarus have deteriorated. While this Court must "decide the petition only on the administrative record on which the order of removal is based," *see* 8 U.S.C. § 1252(b)(4)(A), we "may always exercise independent discretion to take judicial notice of any further changes in a country's politics that occurred between the time of the BIA's determination decision and our review." *Hoxhallari v. Gonzales,* 468 F.3d 179, 186 n. 5 (2d Cir.2006). Here, however, we decline to take judicial notice of such reports. Agency regulations allow Simonchyk to file a motion to reopen under 8 C.F.R. § 1003.2(c)(3)(ii), should she wish to present evidence of changed country conditions to the agency. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 270 (2d Cir. 2007).

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that an alien raise on appeal to the BIA each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). Here, Simonchyk failed to challenge in her appeal to the BIA the IJ's denial of her application for withholding of removal and CAT relief. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).